UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CR-146 (CEJ) |
| | ) |
| JAIRO GARCIA-RAMIREZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Mary Ann L. Medler for determination and recommended disposition, where appropriate. On March 27, 2009, Judge Medler issued a Report and Recommendation with respect to the motion fo suppress statements filed by defendant Jairo Garcia-Ramirez. The defendant has filed objections to the magistrate judge's recommended denial of the motion. Accordingly, the Court reviews *de novo* the proposed findings and recommendations of the magistrate judge as to which objections have been made. 28 U.S.C. §636(b)(1). In conducting its review, the Court has listened to the recording of the suppression hearing conducted by the magistrate judge on March 17, 2009.

The defendant objects to the magistrate judge's finding that a statement he made to a police officer following his arrest was voluntary. The undisputed testimony established that the defendant, while being transported from jail, asked Special Federal Officer Robert Tubbe what he was being charged with. Officer Tubbe merely responded that the charge was probably conspiracy to distribute cocaine. At

that point, the defendant stated that he didn't understand because he had only driven one of the co-defendants to St. Louis to deliver the cocaine.

Clearly, the defendant was in custody at the time he made the statement to Officer Tubbe. And while no Miranda warnings were given, it was unnecessary to do so because the statements were not in response to interrogation by the police. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Rather, the defendant's statements were made voluntarily and spontaneously, and not in response to "express questioning [by the police] or its functional equivalent." Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980).

The defendant argues that the government was required to prove that no other police officer spoke with defendant before the conversation with Officer Tubbe. The Court disagrees. The only statement at issue here is the one that defendant made to Officer Tubbe. Given the circumstances under which the statement was made, the inescapable conclusion is that the statement was made spontaneously by the defendant and did not result from interrogation or from any conduct designed to elicit a statement.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Mary Ann L. Medler [Doc. #83] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the objections of defendant Jairo Garcia-Ramirez [Doc. #90] are **overruled**.

**IT IS FURTHER ORDERED** that the defendant's motion to suppress statements [Doc. #62] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2009.